UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| INVENTORY SALES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-01311-SRC |
| | ) | |
| PACKER FASTENER AND SUPPLY | ) | |
| INC. and KEITH LEFTRIDGE, | ) | |
| | ) | |
| Defendants. | ) | |

**Memorandum and Order**

On January 6, 2026, the Court granted summary judgment on all counts in favor of Defendants.  Doc. 95.  Three weeks later, Defendants timely filed separate motions for a bill of costs.  Docs. 98, 100; *see* E.D.Mo. L.R. 8.03.  Inventory filed its objections, doc. 103, and Defendants replied, doc. 105.  The Court now addresses Defendants' motions.

I.    **Legal Standard**

"Taxation of costs is authorized by [28 U.S.C. § 1920] and governed by Federal Rule of Civil Procedure 54(d)."  *Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 896 (8th Cir. 2009).  Federal Rule of Civil Procedure 54(d)(1) provides that "costs . . . should be allowed to the prevailing party."  And section 1920 authorizes the Court to tax:  (i) "fees of the clerk," (ii) "fees for printed or electronically recorded transcripts necessarily obtained for use in the case," (iii) "fees and disbursements for printing and witnesses," (iv) "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case," (v) "docket fees," and (vi) compensation of court-appointed experts and interpreters. 28 U.S.C. § 1920 (cleaned up).

1

Under Rule 54, the Court need not provide a "detailed review or analysis of every item of cost it awards; rather, a prevailing party is presumptively entitled to recover all of its costs." *Craftsmen Limousine, Inc.*, 579 F.3d at, 896–97 (cleaned up) (quoting *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006)).  "The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs." *168th & Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007).  "To rebut the presumption that the prevailing party is entitled to recover all of its costs, the district court must provide a rationale for denying the prevailing party's claim for costs." *Thompson*, 472 F.3d at 517.  The Court has "substantial discretion in awarding costs." *Computrol, Inc. v. Newtrend, L.P.*, 203 F.3d 1064, 1072 (8th Cir. 2000).  But while the Court has substantial discretion in determining the amount of taxable costs, the Court may only tax the categories of costs set forth in section 1920.  *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 US. 437, 445 (1987).

## II.    Discussion

Leftridge first sought to recover $33,313.62 in fees for printed or electronically recorded transcripts.  Doc. 98 at 1 (The Court cites to page numbers as assigned by CM/ECF.); *see* 28 U.S.C. § 1920(2).  Packer Fastener separately sought $32,460.96 in fees for printed or electronically recorded transcripts as well.  Doc. 100 at 1.  Inventory responded that while it "does not object to paying reasonable fees for final transcripts and court reporters' attendance," "the rest of the taxes [sic] that Defendants seek . . . cannot be taxed."  Doc. 103 at 2.

Defendants conceded that the Court shouldn't tax a subset of the challenged costs: (i) interest or late fees on transcript orders, (ii) "Logistics, Processing & Electronic Files" fees, and (iii) "Secure Hosting & Delivery of Veritext File Suite" fees.  Doc. 105 at 5.  Thus,

Defendants now request that the Court award $31,523.62 in costs for Leftridge and $30,781.96 in costs for Packer. *Id.* at 6. The Court addresses Inventory's remaining objections.

First, Inventory argues that the Court cannot tax Defendants' costs for rough-draft transcripts in July and August 2025. Doc. 103 at 2–3; *see* doc. 98-2 at 8, 9, 11, 14, 17, 19; doc. 101-1 at 13, 14, 16–20, 22, 25. Because Defendants ordered these rough-draft transcripts in July and August 2025—and the deadline for summary-judgment motions was in late September 2025—Inventory argues that "these [transcripts] may have been convenient, but they were not necessary." Doc. 103 at 3. Inventory offers the same argument regarding the cost of Defendants' expedited transcripts. *Id.*

But as Defendants correctly note, doc. 105 at 2, a prevailing party may recover transcript costs that were "necessarily obtained *for use in the case*," 28 U.S.C. § 1920(2) (emphasis added), "even if not introduced at trial," *Johnson Tr. of Operating Eng'rs Loc. #49 Health & Welfare Fund v. Charps Welding & Fabricating, Inc.*, 950 F.3d 510, 527 (8th Cir. 2020). In contrast, a prevailing party cannot recover transcript costs for "purely investigative" purposes. *Gonzalez v. Shahin*, 77 F.4th 1183, 1192 (8th Cir. 2023). Defendants state that they ordered "rough or expedited transcripts" so that Defendants could "meaningfully participate in the required conferral and joint report process," and that "[w]aiting for final, certified transcripts would have materially impaired Defendants' ability to prepare." Doc. 105 at 2. The Court finds that these costs were "necessarily obtained for use in the case," 28 U.S.C. § 1920(2), and therefore overrules Inventory's first objection.

Second, Inventory argues that the Court cannot tax costs for expenses labeled as "Exhibits." *See* doc. 103 at 3; *see, e.g.*, doc. 98-2 at 8. Section 1920 permits taxing the cost of "making copies of any materials where the copies are necessarily obtained for use in the case."

3

28 U.S.C. § 1920(4); *see also Johnson Tr. of Operating Eng'rs*, 950 F.3d at 527 ("Discovery-related copying is taxable.").  And while a prevailing party may seek to tax the cost of exhibit copies, courts in this district have rightly distinguished the taxation of exhibit copies from the taxation of invoice items like "Exhibit Management" fees.  *See Haynie v. Wash. Univ. Sch. of Med. Div. of Infectious Diseases*, No. 4:22-cv-672-JAR, 2024 WL 3936077, at *3 (E.D. Mo. Aug. 26, 2024) (citing *Cramer v. Equifax Info. Servs.*, LLC, No. 4:18-cv-1078-SEP, 2020 WL 887996, at *4 (E.D. Mo. Feb. 24, 2020)).  For instance, in *Haynie*, because the prevailing party failed to clarify the "Exhibits" charge on its invoices, the court declined to award costs for items that could have been nontaxable "Exhibit Management Fees."  *Id.* at *3 (displaying a copy of the invoice).

Here, however, the Court agrees with Defendants that "Leftridge's invoices specify the price *per* exhibit ($0.55), which clarifies that these exhibits are for copies, and not anything else."  Doc. 105 at 4.  The Court also agrees with Defendants that "[a]lthough Packer's invoices do not break out the per-exhibit rate in the same format, the totals for 'Exhibits' in Packer's invoices mirror the per-exhibit calculations in Leftridge's invoices[]" for the same invoice.  Doc. 105 at 4; *compare* doc. 98-2 at 2 *with* doc. 101-1 at 2; doc. 98-2 at 3 *with* doc. 101-1 at 3; doc. 98-2 at 5 *with* doc. 101-1 at 9; doc. 98-2 at 6 *with* doc. 101-1 at 11; doc. 98-2 at 7 *with* doc. 101-1 at 14; doc. 98-2 at 8 *with* doc. 101-1 at 16; doc. 98-2 at 9 *with* doc. 101-1 at 19; doc. 98-2 at 11 *with* doc. 101-1 at 22; doc. 98-2 at 13 *with* doc. 101-1 at 20; doc. 98-2 at 16 *with* 101-1 at 24; doc. 98-2 at 19 *with* doc. 101-1 at 25.  The Court thus finds that these copies were "necessarily obtained for use in the case," 28 U.S.C. § 1920(4), and therefore overrules Inventory's second objection.

Third, Inventory argues that the costs for video depositions in this case are nontaxable because "no indication [existed] at the time the deposition was taken [that the witness] would be unable to testify at trial." Doc. 103 at 3. But Inventory misstates the standard. The Eighth Circuit "permits taxation of costs for both printed and electronically recorded transcripts of the same deposition as long as each transcript is *necessarily obtained for use in a case*." *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 467 (8th Cir. 2015) (emphasis added); *see also Craftsmen Limousine, Inc.*, 579 F.3d at 898. Defendants reply that "three of the five depositions it now challenges were taken at [Inventory's] order," and while Inventory was "entitled to do so, Defendants were equally entitled to ensure they could effectively respond in kind." Doc. 105 at 3; *see* doc. 101-1 at 10, 12, 15, 21, 23.

This Court has "previously awarded costs of a video deposition where the party obtained it to ensure a jury would not 'attribute disparate weight' to an opposing party's use of a video deposition." *Gustafson v. Bi-State Dev. Agency*, No. 4:18-cv-02074-SRC, 2020 WL 6544236, at *2 (E.D. Mo. Nov. 6, 2020) (citing *Cowden v. BNSF Ry. Co.*, 991 F. Supp. 2d 1084, 1093 (E.D. Mo. 2014)). The Court therefore finds that the costs for these three video depositions were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). And for the final two video depositions—that of Thomas Mansholt and Brendan Deely—Defendants "anticipated needing the video for impeachment purposes . . . to show the jury the 'sarcasm and candor' that might not have been conveyed by a written script." Doc. 105 at 4 (citing *Gustafson*, 2020 WL 6544236, at *2). The Court therefore finds that the three video depositions were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Thus, the Court overrules Inventory's third objection.

Finally, "Inventory accepts that it was reasonably necessary for Defendants to pay for video recordings of *third-party* witnesses in case they were not available to testify live at trial."

Doc. 103 at 4 (emphasis in original); *see* doc. 98-2 at 10, 15; doc. 101-1 at 15, 21.  But Inventory argues that "it would defy the purpose of 28 U.S.C. § 1920 . . . to allow Packer and Leftridge to recover duplicative costs that they incurred for two videos of the same deposition."  Doc. 103 at 4.  Inventory therefore requests that the Court equitably apportion the costs of these two depositions between Packer and Leftridge.  *Id.* (citing *Golan v. Veritas Ent., LLC*, No. 4:14-cv-00069-ERW, 2017 WL 5564538, at *2 (E.D. Mo. Nov. 20, 2017)).  But in *Golan*, the court equitably apportioned costs among several defendants that were represented by counsel from the same law firm.  *Golan*, 2017 WL 5564538, at *2.  Here, Packer and Leftridge are separate parties represented by separate counsel.  And each party separately incurred costs that each seeks to recover through separate motions for a bill of costs.  *See* docs. 98, 100.  The Court therefore denies Inventory's request for equitable apportionment of these two depositions.  Doc. 103 at 4.

### III.    Conclusion

Accordingly, the Court grants Leftridge's [98] Motion for a Bill of Costs and orders that costs be taxed against Inventory for $31,523.62.  The Court also grants Packer's [100] Motion for a Bill of Costs and orders that costs be taxed against Inventory for $30,781.96.  So ordered this 9th day of July 2026.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE